IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CANDACE A. WHITE,

                    Plaintiff,                                **8:18CV495**

          vs.

UNITED   HEALTHCARE   SERVICES,                               **ORDER**
INC.,

                    Defendant.

        Defendants have moved to extend the case progression deadlines, ([Filing No. 60](#)), and to compel Plaintiff's compliance with discovery requests and agreements. ([Filing No. 61](#)). These motions will each be granted in part and denied in part as stated below.


                                    ANALYSIS


        This employment law case has been pending for three years. For several months during that three-year period, Plaintiff, by and through her counsel, stated she was unable to be deposed due to ongoing cancer treatment. But she was ultimately deposed in June of 2021. During that deposition, Plaintiff testified that she was not treated for cancer.

        Defendant seeks leave to subpoena medical and mental health records to determine if there is some explanation for the discrepancy; to include difficulty with cognitive function or memory. Defendant argues such information would be useful in determining whether and which of Plaintiff's interrogatory and deposition discovery responses are true, incorrect due to medical and/or mental health issues, or fabricated. Defendant also seeks information to determine the extent of

Plaintiff's disability which could, in turn, impact the issues of both liability and damages.

As an alternative to issuing medical record subpoenas to probe the discrepancy between Plaintiff's pre-deposition and deposition statements regarding cancer treatment, the court proposed a compromise—Plaintiff would obtain a letter from her oncologist explaining her cancer treatment. That option has apparently been rejected, either by the physician or by Plaintiff. Defendant also provided notice of intent to serve subpoenas on Plaintiff's medical and mental health providers to better understand Plaintiff's damages. Plaintiff's former counsel questioned the scope of those subpoenas, and Defendant agreed to an October 1, 2018 end date provided Plaintiff stipulated that she was not requesting recovery for damages incurred after that date. Although Plaintiff's former counsel agreed to that stipulation, a stipulation signed by Plaintiff was never received.

In addition to the concerns with the veracity of Plaintiff's deposition testimony and her vacillation on the end date of her damages, Plaintiff has not signed her interrogatory answers under oath despite her former attorney's assurances that signed responses would be provided. And Plaintiff has not identified, by request, documents responsive to each document production request. Finally, despite assurances that she will provide her complete social security file, Plaintiff has not done so.

All of the foregoing discovery is relevant and proportional to the needs of the case with one exception; the medical and mental health record subpoenas will be limited to seeking records that date back to 5 years before the plaintiff's termination (rather than all records). Since Plaintiff will not stipulate to an end date on her requested damages, Defendant is entitled to the medical and mental

2

health records to date. In addition, the federal rules require all interrogatory answers to be signed under oath by the party—in this case, Candace White. And this court's civil case management practices require a party to identify which documents are responsive to which document production request. Finally, Candace White will be ordered to cooperate with defense counsel in obtaining a full and complete copy of her social security file, which may contain information relevant to Ms. White's ability to continue working and as such, the extent of her alleged damages and Defendant's liability.

Defendant requests that the remaining case progression deadlines within this case be continued while it finishes obtaining discovery. But Defendant has not explained how the unanswered discovery is necessary to the issues the court will likely address on summary judgment. From the court's current perspective, it appears the bulk of the unanswered requests will address the issue of damages, not the issue of liability—the issue typically raised on summary judgment in employment law cases.

Accordingly,

IT IS ORDERED:

A.    Defendant's motion to compel, (Filing No. 61), is granted in part and denied in part, as follows.

1)    On or before November 1, 2021, Plaintiff shall:

a.    provide to Defendant full and complete interrogatory answers that have been signed under oath;

b.    designate, by request, which documents she has produced are responsive to which document production request; and

     c.     cooperate with Defendant in obtaining a full and complete copy of her records related to her application for social security disability benefits and provide a signed authorization, the form of which will be provided by Defendant, which allows Defendant to obtain these records. If a court order is necessary to obtain such records, Defendant shall file a motion to obtain the records and forward the proposed order to zwart@ned.uscourts.gov. Once the defendant itself obtains the records from the Social Security Administration, it shall promptly forward a copy to the plaintiff.

2)     Plaintiff's objections to Defendant's proposed mental and medical health care subpoenas are sustained in part and overruled in part, and:

     a.     Defendant is permitted to serve record subpoenas on Caroline Sedlacek, Ph.D.; Lynette A. Moseman, M.D.; Leslie C. Hellbusch, M.D.; Jule Otten, M.D.; Linda Schaefer; Mohsen Zena, M.D.; and CHI Health Immanuel to obtain treatment records, including, but not limited to, handwritten or transcribed notes, invoices and payments for the period from October 1, 2011 to present.

     b.     The mental and medical health records subpoenas must be served on or before October 25, 2021.

3)     Defendant's request for sanctions is denied without prejudice to re-raising it, along with any additional sanctions requests, on or before January 15, 2021.

B.     Defendant's motion to extend the case progression deadlines, (Filing No. 60), is granted in part as follows:

1)     The summary judgment deadline is extended to October 25, 2021.

4

2)    The deposition deadline is extended to January 12, 2022.

3)    The trial and pretrial conference settings are unchanged.


Dated this 18th day of October, 2021.

BY THE COURT:

_s/ Cheryl R. Zwart_
United States Magistrate Judge